23-1030. Stephen Lohr, Appellant and Pro Se. Appley has waived oral argument. All right. Mr. Lohr, you've got 15 minutes. You don't need to reserve time because we've got no appellate here. So why don't you just begin, please? Thank you very much. You can hear me, correct? I haven't been on mic for a long time. Yep, we can hear you. Thank you. Terrific. So first off, I want to thank you for letting me speak on my own behalf. I haven't been in front of a panel like this in my entire life. The only experience I have with courtrooms is I was deposed for a divorce case and a couple of minor traffic citations. So I filed this appeal because I believe that the original court erred in some of their statements of material fact. It's in my brief. I'll just kind of reiterate them. Actually, I'd like to kind of just address one other thing, if you don't mind. I filed a stay with the bankruptcy court in Nevada, and it was never ruled on. I filed an emergency stay when they started the collections procedure, and as Certificate of Service, I served the appellate panel, and they ruled on it. But it was addressed to the—I served the opposing lawyers on the appellate panel, but I originally was trying to find out why they didn't rule on my stay. So I just want to kind of have that in the record. Those collection proceedings in this matter have impacted me financially without it ever being ruled on. So back to my case, the underlying case in this is that debtors were operating a Ponzi scheme, and I was deemed a net winner. And the fact that the case is still pending against the defendants, and it's been postponed multiple times, and I submitted some evidence that one of the defendants has been found not guilty. And so I'm just kind of wondering, you know, if they erred in determining that this is a Ponzi scheme, and what happens if the other defendant is found not guilty, and myself and others have been ordered to pay back money? So that's one of the things that I think that the original verdict, you know, was, you know, an undisputed fact that there was a Ponzi scheme to begin with. Another issue that I have is that they were illegal transfers, and if there is no Ponzi scheme or if they're found not guilty or the case is dismissed, then I don't believe they should be deemed illegal. The whole idea that I was a net winner is in dispute as well. There's a few of my people that I know joined forces with an attorney, and he deposed Deborah Russell, and I cited that in my findings, docket 1, case 21-01-175. And Deborah Russell is basically the one that determined that it was a Ponzi scheme, and that, you know, I was declared a net winner, and she was never made available for deposition, and to defend or to explain how she, you know, nobody has a full understanding of how she came to that conclusion. So, you know, the bankruptcy court erred in finding there was no genuine issue of material fact as to whether the appellant was a net winner. I mean, again, I mean, you know, I'm not a lawyer, but, you know, they exacted a penalty on me and others without any kind of evidence that there was a Ponzi scheme. The defendants never pled guilty to it. They're still waiting for their day in court to explain why it wasn't a Ponzi scheme, and, you know, at the very least, let that happen before collections, you know, take place. There's also a little bit of a vague, you know, kind of a gray area as far as I'm concerned about when the, you know, how long after a bankruptcy or how far before a bankruptcy are these payments allowed to be clawed back. So, you know, the defendants in the case filed for bankruptcy in December of 2019. All of my disputed net winning payments were prior to that. The last one was from 12-12-2017. So, you know, that's a disputed fact. And then there's the arbitrary nature of it. It just seems that the, you know, based on following this case, that the, you know, some of the defendants in the case were offered, you know, very low settlements, sometimes nothing, and some were dismissed altogether. And I attached one such incident, and it's the why were some pursued and some weren't. And, you know, it's all very confusing to me as to, you know, how this is, you know, equal justice. I mean, you know, if someone, if it's declared that somebody owes that money, why weren't they all, why wasn't everybody, you know, pursued the same way that I was? So, I think that's really all I have to say. I mean, you know, as far as, like, the Ponzi presumption and, you know, what it means to someone like me, I took a job, you know, I don't know, six years ago now as a contract broker. I had a contract. I did my due diligence. I met the person that was employing me several times. You know, he had a real company, as far as I can tell. Nobody's ever explained to me through the SEC filings or anything that's been presented to me, when was it declared a Ponzi scheme? At what point? Is it possible that, you know, a lot of businesses go out of, you know, go bankrupt, and they weren't Ponzi schemes? So, it's just the mere mention of a Ponzi scheme give, you know, open the door for a clawback declaring net winners and net losers. So, you know, if the defendants prevail at trial, you know, what is my, you know, is there a process in place for me to clawback the clawback? Because, you know, they clawback under the assumption that there was a Ponzi scheme, and nobody's ever admitted to it, and it's never been, you know, they've never been found guilty in a court of law that I know of. They have a default judgment against them. They do not have a summary judgment against them, and they don't have a full judgment against them, or they haven't been declared guilty of it. I think that's all I have. All right. Thank you very much for your presentation today. We'll take your matter under submission. Do you have any questions? No questions? All right. Yes, we'll take it under submission, and we'll issue a decision as promptly as we can. Okay. Can I just ask one more question? You can ask a question. We may or may not answer it. Go ahead. Okay. When you say prompt, what kind of time frame are we looking at? Promptly. We're going to do our best to get it done quickly, and we'll see, you know, how quickly we can get it done. Okay. Do you have any comments about what I outlined at the beginning about my motion for a stay? No. You know, that's an issue for the Bankruptcy Court. I think we also, as you said, we received your motion for the stay, not clear what was going out to Bankruptcy Court, so we ruled on it, because you can present that motion also to the BAP, which we deemed your submission to be a presentation to the BAP. So, you know, if you want to address that issue with the Bankruptcy Court, that's where you should do that. Okay. All right. I guess one other thing that maybe I received notice that the, I mean, there's been, I don't know, five or six different sets of lawyers, if you count them all up, that Zachary Mazur was supposed to be here, representing the trustee, and he wasn't. They chose just to submit on their briefs. Understood. Okay. So this letter that I got that says he's going to be there was, I guess, sent to her. We don't know really anything about your letter. All right. I appreciate that. Thank you very much for hearing me. All right. Thank you. It is submitted. Okay. This session is now adjourned. All rise.
judges: BRAND, GAN, and CORBIT